# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00361-CR

**Fernando Garcia-Escobar, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY
## NO. D-1-DC-17-202029, THE HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Fernando Garcia-Escobar guilty of continuous sexual abuse of a young child for sexually abusing his stepdaughter, M.H.-M., *see* Tex. Penal Code § 21.02(b), and assessed his punishment at confinement for life in the Texas Department of Criminal Justice, *see id.* § 21.02(h). In a single point of error, appellant asserts that his sentence is cruel and unusual in violation of the Eighth Amendment. Finding that appellant failed to preserve this claim for appellate review, we affirm the trial court's judgment of conviction.

## BACKGROUND

The evidence at trial demonstrated that appellant began sexually abusing M.H.-M. when she was eight or nine years old. The sexual abuse stopped when M.H.-M. was thirteen years old because her younger brother walked in on appellant having sexual intercourse with M.H.-M. At trial, M.H.-M. described the various sexual acts that appellant perpetrated against

her over the four- or five-year period, including putting his "private part" inside her "private part," putting his mouth on her "vagina," putting his fingers inside her "vagina," taking pictures of her "vagina" with his phone, and making her put her mouth on his penis. She could not recall how many times the sexual abuse occurred but indicated that "it happened really frequently," typically, depending on the sexual act perpetrated, once or twice a week.

Appellant did not testify at trial, but a video recording of his interview with police, which occurred after appellant turned himself in the day after his stepson discovered the sexual abuse, was admitted at trial. In the interview, appellant admitted that he was vaginally penetrating M.H.-M. with his penis when his stepson walked in and confessed that he had been having sexual intercourse with M.H.-M. for about four years, although appellant insisted that he never forced his stepdaughter, never threatened her, and never did anything "against her will."

The jury found appellant guilty of continuous sexual abuse of a young child and assessed a life sentence as appellant's punishment. Appellant filed a motion for new trial, which was overruled by operation of law, and this appeal followed.

**DISCUSSION**

Under the sentencing scheme for continuous sexual abuse of a young child, a defendant convicted of that offense is subject to an enhanced first-degree punishment range: imprisonment for life or for any term of not more than 99 years or less than 25 years. *See id.* § 21.02(h). In addition, an inmate serving a sentence for that offense is not eligible for release on parole. *See* Tex. Gov't Code § 508.145(a). Thus, a defendant convicted of continuous sexual abuse of a young child who is given a life sentence, as appellant was here, is sentenced to life without the possibility of parole.

2

In his sole point of error, appellant asserts that a sentence of life without parole for a non-homicide offense violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *See* U.S. Const. amend. VIII (providing that "cruel and unusual punishments" shall not be inflicted). After reviewing the record before us, we conclude that appellant failed to preserve this complaint for appellate review.

"[A]ll errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial." *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014); *Fuller v. State,* 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). Generally, Eighth Amendment issues are forfeited if not raised in the trial court. *Garza*, 435 S.W.3d at 261; *see Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that defendant waived complaint regarding violation of state constitutional right against cruel and unusual punishment because complaint was raised for first time on appeal); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding that defendant waived complaint that punishment was cruel and unusual under Eighth Amendment when complaint was raised for first time on appeal); *see, e.g.*, *Lucero v. State*, 246 S.W.3d 86, 98 (Tex. Crim. App. 2008) (concluding that defendant did not raise Eighth Amendment claim in trial court and therefore did not preserve it for appellate review).

To preserve a complaint that a sentence constitutes cruel and unusual punishment, a defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Marin v. State,* No. 03-16-00731-CR, 2017 WL 5985496, at *1–2 (Tex. App.—Austin Dec. 1, 2017, no pet.) (mem. op., not designated for publication); *see Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) (holding that sentencing issue is preserved by

objecting at punishment hearing, when sentence is pronounced, or, in some instances, by raising issue in motion for new trial) (citing *Idowu v. State,* 73 S.W.3d 918, 923 (Tex. Crim. App. 2002), *Bitterman v. State,* 180 S.W.3d 139, 142–43 (Tex. Crim. App. 2005)); *Davidson v. State*, No. 03-13-00708-CR, 2014 WL 3809813, at *1 (Tex. App.—Austin Aug. 1, 2014, no pet.) (mem. op., not designated for publication) ("It is well established that to preserve a complaint of cruel and unusual punishment, a defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial."); *see also* Tex. R. App. P. 33.1(a) (to preserve complaint for appellate review, party must have presented specific and timely request, motion, or objection to trial court).

In this case, appellant did not assert that his sentence was cruel and unusual in violation of the Eighth Amendment when the trial court imposed the sentence, in a motion for new trial, or at any other time in the trial court. Appellant concedes as much in his brief but argues that his claim challenging the constitutionality of his sentence is exempt from the preservation-of-error requirement.

The United States Supreme Court has held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, 567 U.S. 460, 465 (2012). The Court of Criminal Appeals subsequently held that the rule announced in *Miller* was a new substantive rule, as opposed to a procedural rule, and therefore applied retroactively. *Ex parte Maxwell*, 424 S.W.3d 66, 73–76 (Tex. Crim. App. 2014). The Court of Criminal Appeals has also held that a *Miller* claim—a claim that the mandatory punishment of life in prison without the possibility of parole for a juvenile offender violates the Eighth Amendment—is not forfeited by the failure to raise it at trial. *Garza*, 435 S.W.3d at 262–63. While affirming that Eighth

4

Amendment issues generally are forfeited if not raised in the trial court, the high court recognized an exception to the preservation-of-error requirement for "substantive status-based or individualized-sentencing claims under the Eighth Amendment and embraced by *Miller*." *See id.* at 262. Relying on *Garza*, appellant contends that his claim is such a claim. We disagree.

"The heart of a *Miller* claim is the assertion that the Constitution would be violated by applying a mandatory sentence of life without parole to the defendant because he was underage at the time of his offense." *Franklin v. State*, — S.W.3d —, No. PD-0787-18, 2019 WL 2814861, at *2 (Tex. Crim. App. July 3, 2019); *see Maxwell*, 424 S.W.3d at 75 ("But *Miller* is driven, first and foremost, by the conclusion that 'children are constitutionally different from adults for purposes of sentencing.'" (quoting *Miller*, 567 U.S. at 471)). Appellant does not challenge the constitutionality of his sentence based on his age at the time of his offense. Rather, he urges a "categorical ban" to "all life without parole sentencing for non-homicidal offenses under the Eighth Amendment." Thus, he does not assert a substantive status-based or individual-sentencing claim embraced by *Miller* and his reliance on *Garza* to argue that he did not need to preserve his claim at trial is misplaced. Invoking *Garza*, and therefore invoking *Miller*, "does not cast a magic cloak of unforfeitability over a claim." *Franklin*, 2019 WL 2814861, at *2.

Accordingly, we reject appellant's contention that his complaint was not subject to procedural default. *See Mendiola v. State*, No. 14-15-01095-CR, 2017 WL 888329, at *5–6 (Tex. App.—Houston [14th Dist.] Mar. 2, 2017, pet. ref'd) (mem. op., not designated for publication) (rejecting complaint based on failure to preserve error in trial court when claim not embraced by *Miller*); *Maza v. State*, No. 13-14-00128-CR, 2015 WL 3637821, at *3 (Tex. App.—Corpus Christi June 11, 2015, no pet.) (mem. op., not designated for publication) (concluding that *Maxwell* and *Garza* are limited to "'procedural default' by juveniles sentenced

5

to life without parole in violation of their Eighth Amendment rights as defined by *Miller*" and thus appellant, "an adult offender challenging the constitutionality of a sentence," failed to preserve challenge because he did not raise it at trial); *see also Hernandez v. State*, No. 09-16-00388-CR, 2018 WL 4904589, at *18 (Tex. App.—Beaumont Oct. 10, 2018, pet. ref'd) (mem. op., not designated for publication) (holding that appellant forfeited right to complain that sentence of life without parole for continuous sexual abuse of young child was cruel and unusual because he failed to object on that basis when sentenced); *Prine v. State*, No. 12-17-00241-CR, 2018 WL 1736796, at *1 (Tex. App.—Tyler Apr. 11, 2018, no pet.) (mem. op., not designated for publication) (concluding that appellant waived Eighth Amendment challenge to 99-year sentence without parole for continuous sexual abuse of young child by not objecting at trial level).

Preservation of error is a systemic requirement on appeal. *Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016); *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010).

Appellant's claim is not embraced by *Miller*; thus, he was required to preserve it in the trial court. Because he failed to do so, he is not entitled to appellate review of this complaint. Accordingly, we overrule appellant's sole point of error.

# CONCLUSION

Having concluded that appellant procedurally defaulted on his claim challenging the constitutionality of his sentence because he did not raise it at trial, we affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: August 22, 2019

Do Not Publish